# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CARSON COMBS,**

    Plaintiff,

v.                                                                      Case No. 19-CV-446

**LINCOLN MANOR REDEVELOPMENT LLC,**

    Defendant.

### ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND REPORT AND RECOMMENDATION TO DISMISS CASE

On March 28, 2019, Carson Combs filed a *pro se* notice of removal of an action by Lincoln Manor Development LLC to evict Combs from his apartment for nonpayment of rent. (Docket # 1.) In his notice of removal, Combs alleges that the Racine County Circuit Court proceedings and order violated his civil rights and were contrary to federal regulations. (*Id.*) Combs has also filed a motion for leave to proceed without prepayment of the filing fee ("*in forma pauperis*") (Docket # 2) and a motion to stay the writ of restitution ordered by the state court (Docket # 3). Because this court lacks subject matter jurisdiction over this action, Combs' motion to proceed *in forma pauperis* will be denied and I will recommend that the action be dismissed.[1]

---

[1] Because the respondent has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding dismissal for lack of jurisdiction. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

## BACKGROUND

On March 6, 2019, Lincoln Manor Development LLC filed a complaint in Racine County small claims court alleging that Combs had failed to pay rent for several months, and asking the court to order repossession and money damages. ("Complaint," Case No. 2019-SC-1040, Docket # 1-1 at 4–6.) On March 25, 2019, the Racine County Circuit Court issued a judgment against Combs. ("Order," Docket # 1-1 at 21.) On March 26, 2019, Combs filed a motion to reconsider (Docket # 1-1 at 22–33), but on March 27, 2019, the court denied his motion and issued a writ of restitution ordering the sheriff to remove Combs and his personal property from the premises within ten days (Docket # 1-1 at 19). On March 28, 2019, Combs filed a notice of removal in this court (Docket # 1), along with a motion to proceed *in forma pauperis* (Docket # 2) and a motion to stay the writ of restitution issued by the Racine County Circuit Court (Docket # 3).

## ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

In his declaration, Combs states that he is a veteran, unemployed, and unmarried. (Docket # 2 at 1.) He receives $1,077.00 per month in veteran's disability benefits. (*Id.* at 2.) Combs has $848.64 in cash, checking, or savings, but no other assets, and his monthly expenses total $1000.00. (*Id.* at 3.) Based on the information provided, I am satisfied that Combs is indigent for purposes of the *in forma pauperis* statute.

Although I find that Combs is unable to pay the $400 filing fee, I will deny his motion because this court lacks subject matter jurisdiction over the action he is seeking to remove. Section 1441(a) of Title 28 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." In order for this court to have jurisdiction, the case must present either a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332.

Federal question jurisdiction under § 1331 requires that the action "aris[e] under the Constitution, laws, or treaties of the United States." Federal question jurisdiction attaches when federal law creates the cause of action asserted, or when a state law claim "'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance'" of federal and state power. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1569–70 (2016) (quoting *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005)).

In this case, the cause of action asserted by Lincoln Manor in its state court complaint is a violation of Combs' lease agreement, not a violation of federal law. (Docket # 1-1 at 4–6.) Furthermore, Combs moved to dismiss that complaint under a state law that Combs argued barred Lincoln Manor's suit. (*Id.* at 15–17.) In his motion for reconsideration of the state court's adverse order, Combs raised for what appears to be the first time a defense based on federal housing regulations, (*id.* at 2–3, 8–9), but federal issues first raised in a motion for reconsideration cannot plausibly be said to be necessary or actually disputed. I thus find no basis for federal question jurisdiction in this case.

Combs' removal petition argues what appear to be federal claims: that the Racine County Circuit Court's decision violates his civil rights and contravenes federal regulations. (Docket # 1 at 1–4.) To the extent Combs seeks a remedy for an alleged injury caused by a state court order, the *Rooker–Feldman* doctrine dictates that this court lacks subject matter jurisdiction. *Johnson v. Orr*, 551 F.3d 564, 567–68 (7th Cir. 2008) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005); *Hemmer v. Ind. State Bd. of Animal Health*, 532 F.3d 610, 613 (7th Cir. 2008); *Holt v. Lake County Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005)). Under the *Rooker–Feldman* doctrine, federal courts other than the Supreme Court do not have jurisdiction to review decisions of state courts in civil cases. *Id.* at 467–68 ("The doctrine deprives federal courts of subject matter jurisdiction where a party, dissatisfied with a result in state court, sues in federal court seeking to set aside the state-court judgment and requesting a remedy for an injury caused by that judgment."). Furthermore, "a plaintiff cannot get around *Rooker–Feldman* simply by couching his grievance as a constitutional claim." *Id.* at 570. In this case, the actual injury Combs complains of is the court's adverse

4

judgment and the granting of the writ of restitution, and this court lacks subject matter jurisdiction over such claims.

Although Combs does not argue diversity jurisdiction, because he is proceeding *pro se*, I will construe his arguments liberally to examine whether diversity jurisdiction might exist. Diversity jurisdiction under § 1332 attaches where the matter is between citizens of different states, and the amount in controversy exceeds $75,000. Even if I assume that Combs is a citizen of Wisconsin and Lincoln Manor is incorporated in Texas (Docket # 1-1 at 4), the amount in controversy does not appear to exceed $75,000. Lincoln Manor's complaint alleges damages of $10,000 or less (*id.* at 2), and Combs does not allege any greater amount. *See Muscarello v. Ogle County Bd. of Com'rs*, 610 F.3d 416 (7th Cir. 2010) ("It is well established that the burden of establishing proper federal subject-matter jurisdiction rests on the party asserting it." (internal citations omitted)). I thus conclude that there is no diversity jurisdiction, and therefore no subject matter jurisdiction at all.

## RECOMMENDATION AND ORDER

**NOW, THEREFORE, IT IS RECOMMENDED** that this action be dismissed for lack of subject matter jurisdiction.

**IT IS ORDERED** that the plaintiff's motion for leave to proceed without prepaying the filing fee (Docket # 2) is **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections

are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 2nd day of April, 2019.

                                                      BY THE COURT

                                                      *s/ Nancy Joseph*
                                                      NANCY JOSEPH
                                                      United States Magistrate Judge