UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LINCOLN MANOR REDEVELOPMENT LLC,

    Plaintiff,

v.                                               Case No. 19-cv-446-pp

CARSON COMBS,

    Defendant.

---

**ORDER ADOPTING RECOMMENDATION (DKT. NO. 6), DENYING MOTION FOR ORDER GRANTING IMMEDIATE STAY OF EXECUTION OF WRIT OF RESTITUTION (DKT. NO. 3) AND DISMISSING CASE**

---

      On March 6, 2019, the plaintiff—a landlord—filed this case in Racine County Circuit Court, alleging that the defendant—a tenant—failed to pay rent for several months. Dkt. No. 1. The plaintiff asked the state court to order repossession of the property and monetary damages. The state court issued a judgment against the defendant on March 25, 2019. Id. The next day, the defendant asked the state court to reconsider its judgment; the court declined to do so on March 27, 2019. Dkt. No. 1-1 at 22, 43. The state court issued a writ of restitution, ordering the sheriff to remove the defendant and his personal property—to evict him—within ten days. Id. at 42. On March 28, 2019, the defendant filed a notice of removal to federal court, a motion to stay the writ of restitution and a motion to proceed in federal court without prepayment of the filing fees. Dkt. Nos. 1, 2, 3. Magistrate Judge Nancy Joseph granted the motion to proceed without prepayment of filing fee, but recommended that this court dismiss the case for lack of subject-matter

1

jurisdiction. Dkt. Nos. 5, 6. The deadline for objecting to that recommendation has passed, with no party objecting.

Under Federal Rule of Civil Procedure 72(b), if a party does not object to a magistrate judge's report and recommendation, the district court reviews the recommendation for clear error. Fed. R. Civ. P. 72(b); Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). This court must decide only whether Judge Joseph's report and recommendation are clearly erroneous. The court concludes that they are not.

Judge Joseph first concluded that the Rooker-Feldman doctrine precluded this court from reviewing or interfering with the state court's judgment. Dkt. No. 6. The Rooker-Feldman doctrine provides that lower federal courts do not have jurisdiction to review decisions of state courts in civil cases. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005); Hemmer v. Ind. State Bd. of Animal Health, 532 F.3d 610,613 (7th Cir. 2008). Rooker-Feldman deprives federal courts of subject matter jurisdiction where a party, dissatisfied with a result in state court, sues in federal court seeking to set aside the state-court judgment and requests a remedy for an injury caused by that judgment. See Exxon Mobil, 544 U.S. at 283-84; All Nations Church v. City of Chi., 486 F.3d 286, 292 (7th Cir. 2007). If the injury the party complains of resulted from, or is inextricably intertwined with, a state court judgment, lower federal courts cannot hear the claim. Taylor v. Fed. Nat'l Mortgage Ass'n., F.3d 529, 532-33 (7th Cir. 2004). A litigant may not attempt to circumvent the effect of Rooker-Feldman and seek a reversal of state court judgment simply by casting the complaint in the form of a civil rights claim. Holt v. Lake Cty. Bd. of Comm'rs., 408 F.3d 335, 336 (7th Cir. 2005).

The defendant alleges that he has been injured by the state court's adverse judgment and the fact that it granted the writ of restitution. Under Rooker-Feldman, this court does not have subject-matter jurisdiction to review the state court judgment. The defendant cannot side-step this problem by styling his claim as a civil rights claim. Judge Joseph did not commit clear error when she concluded that Rooker-Feldman deprives this federal court of jurisdiction.

Judge Joseph also concluded that even if Rooker-Feldman hadn't deprived this court of jurisdiction, the court does not have diversity jurisdiction under 28 U.S.C. §1332 because the amount in controversy does not appear to meet or exceed the $75,000 threshold required for federal jurisdiction. Dkt. No. 6 at 5. This court agrees; Judge Joseph's conclusion that the court does not have diversity jurisdiction is not clearly erroneous.

Judge Joseph also concluded that this federal court does not have federal question jurisdiction under 28 U.S.C. §1331, because the defendant's claims do not "arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Federal question jurisdiction attaches when federal law creates the cause of action asserted, or when a state law claim "'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance'" of federal and state power. Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning, 136 S. Ct. 1562, 1569–70 (2016) (quoting Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005)). The federal question must be an essential element of the plaintiff's complaint to provide grounds for removal. People v. State of Ill. v. Kerr-McGee Chem. Corp., 677 F.2d 571, 575 (7th Cir. 1982). District courts must narrowly construe the

3

removal statute and resolve any doubts about the propriety of removing a case against allowing removal. Wirtz Corp. v. United Distillers & Vintners N. Am., Inc., 224 F.3d 708, 715 (7th Cir. 2000).

The complaint does not state a federal question. It is an eviction action, and a routine state-court eviction action does not "necessarily raise a stated federal issue, actually disputed and substantial." Judge Joseph noted that for the first time in his motion to reconsider, the defendant appeared to try to assert a *defense* on the basis of federal housing regulations, but concluded that an issue raised for the first time in a defense was neither necessary nor actually disputed. Dkt. No. 5 at 4. The court agrees; this conclusion was not clearly erroneous.

In sum, this case does not belong in federal court, and this federal court has no jurisdiction to hear it.

The court **ADOPTS** Judge Joseph's recommendation that this court dismiss the case for lack of subject-matter jurisdiction. Dkt. No. 6.

The court **DENIES** the defendant's motion for order granting immediate stay of execution of writ of restitution entered by Racine County Circuit Court on March 27, 2019. Dkt. No. 3.

The court **ORDERS** that this case is **DISMISSED**.

The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. of App P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects the parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 8th day of July, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**